UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHABBAR RAFIQ** | : | **DOCKET NO. 18-cv-0495** |
| **REG. # 54757177** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 5] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Shabbar Rafiq, who is proceeding *pro se* and *in forma pauperis* in this matter. Rafiq is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

In his complaint, Rafiq alleges that his First Amendment rights are being violated at FCIO. Doc. 5. Namely, he claims (1) that he and other Muslim inmates have less frequent access to clergy and religious classes, (2) that the staff did not accommodate Muslim inmates with a pre-fast meal during Ramadan but provided a "premium meal" for Christian inmates on their religious feast day, (3) that Muslim inmates are not allowed to pray in congregation, and (4) that the staff decorated the facility with "religious artifacts" at Christmas, endorsing Christianity, but does not decorate for other faiths. *Id.* at 5. He also complains of conditions of confinement, alleging that the facilities are unsanitary, the food is inedible, and inmates are treated in an unprofessional manner and subject to verbal abuse. *Id.* at 6. Finally, he alleges that his access to the law library is curtailed.

*Id.* He seeks a declaratory judgment and nominal damages in relief, as well as whatever relief the court deems just and proper. *Id.* at 4.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Rafiq has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). A *Bivens*

action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

### C. Theories of the Complaint

#### 1. Improper parties

As stated above, *Bivens* provides a right of action against individual federal actors. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, on the other hand, provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA provides a limited exception in which a plaintiff may files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Under the FTCA, however, a plaintiff is required to properly present his claims to the government agency before filing suit.[1] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The presentment requirement is satisfied by the claimant if he "(1) gives the agency written notice of his . . . claim sufficient to enable the agency to investigate and (2) places a value on his . . . claim." *Pleasant v.*

---

[1] The FTCA provides, in relevant part:
> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

*United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

Accordingly, if Rafiq wishes to proceed against the United States, he should amend to clarify that he is raising claims under the FTCA. If this is his choice, however, he must also show that he has satisfied the presentment requirement. If he wishes to proceed under *Bivens*, he should dismiss all claims against the United States and instead name individual FCIO employees as defendants. However, he must name individuals who either personally participated in the alleged constitutional violations or enacted "a policy so deficient that the policy itself acts as a deprivation of constitutional rights" in order for the individuals to be proper defendants in a *Bivens* suit. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

### 2. *First Amendment claims*

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), a prisoner may not maintain a suit for compensatory damages absent some showing of physical injury. *See, e.g.*, *Massengill v. Livingston*, 277 Fed. App'x 491, 492–93 (5th Cir. 2008) (affirming dismissal of Texas prisoner's claim for compensatory damages based on free exercise violation, based on failure to show physical injury). Rafiq seeks only nominal damages and declaratory relief, which are not covered by the PLRA's physical injury requirement. *Hutchins v. McDaniel*, 512 F.3d 193, 197–98 (5th Cir. 2007). However, it remains unsettled in this circuit whether a First Amendment claim would entitle a plaintiff to any relief under *Bivens*. *See Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017). Because the *Butts* court remanded the free exercise claim to the district court to determine if *Bivens* provided a remedy, and the district court has not yet decided that issue, we would stay any such claims in this matter until that question had been answered. Still, Rafiq may bring a suit for declaratory or injunctive relief under the Religious Land Use and Institutionalized

Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq. See Garner v. Kennedy*, 713 F.3d 237, 240, 247–48 (5th Cir. 2013) (affirming grant of declaratory and injunctive relief to federal inmate under RLUIPA); *cf. Copeland v. Livingston*, 464 Fed. App'x 326, 330 (5th Cir. 2012) (noting that RLUIPA does not create an individual right of action for damages).

In order to prevail on an RLUIPA claim, the plaintiff must first show that the challenged government action or regulation substantially burdens his religious exercise. *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011). To meet his burden, the plaintiff must demonstrate that the action "truly pressures [him] to significantly modify his behavior and significantly violates his religious beliefs." *Kennedy*, 713 F.3d at 241 (quoting *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004)). The burden then shifts to the government to show that the action is supported by a compelling interest and is the least restrictive means of furthering that interest. *Id.* at 241–42. In the context of inmates, the court "must give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Id.* at 242 (quoting *DeMoss*, 636 F.3d at 150); *cf. Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 857 n. 1 (5th Cir. 2004) (comparing RLUIPA's framework with those of general free exercise claims by incarcerated persons, analyzed under the *Turner* standard below). Therefore, to the extent that Rafiq wishes to bring this claim as a request for declaratory or injunctive relief under RLUIPA, he should say so and make the preliminary showing described above. He should also be aware that his transfer or the voluntary cessation of the acts allegedly impeding on his freedom of religion will generally render such claims moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Spence v. Nelson*, 533 Fed. App'x 368, 371 (5th Cir. 2013) (citing *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009), aff'd, 131 S.Ct. 1651 (2011)).

### 3. *Equal Protection claim*

Rafiq also alleges that the prison's actions have violated his right to equal protection. Doc. 5, p. 4. The Fourteenth Amendment, which applies to state officials, contains the Equal Protection Clause while the Fifth Amendment, which applies to federal officials, does not. *Butts*, 877 F.3d at 590. However, it is settled that the Fifth Amendment's Due Process Clause "contains within it the prohibition against denying to any person the equal protection of the laws." *Id.* (quoting *United States v. Windsor*, 133 S.Ct. 2675, 2695 (2013)). Accordingly, a federal inmate may maintain a claim for an equal protection violation and his claim is analyzed under the same standard as an equal protection claim against a state actor. *Id.*

To prevail on an equal protection claim, Rafiq must show that prison officials purposefully discriminated against him and that he was treated differently from similarly situated inmates. *Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007). However, "the Fourteenth Amendment does not demand 'that every religious sect or group within a prison-however few in numbers-must have identical facilities or personnel.'" *Freeman*, supra, 369 F.3d at 862–63 (quoting *Cruz v. Beto*, 92 S.Ct. 1079, 1082 n. 2 (1972)). Instead, prison administrators need only provide inmates with "reasonable opportunities" to practice their religions. *Id.* at 863.

Moreover, the Fifth Circuit applies *Turner v. Safley*, 107 S.Ct. 2254 (1987), to equal protection violations by inmates. *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007). Under this standard, an inmate is not entitled to relief based on a prison regulation that impinges on his constitutional rights so long as that regulation is reasonably related to legitimate penological interests. *Turner*, 107 S.Ct. at 2261–62. *Turner* asks courts to consider the following four factors

in order to determine whether the government objective is legitimate and neutral, and whether the challenged action is rationally related to the objective:

> (1) whether a valid and rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of the accommodation on prison guards, other inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation in question.

*Baranowski*, 486 F.3d at 120 (citing *Turner*, 107 S.Ct. at 2262). These factors need not be given equal weight or even individually considered. Instead, the controlling test is rationality. *Scott v. Miss. Dep't of Corr.*, 961 F.2d 77, 80–82 (5th Cir. 1992). The plaintiff bears the burden of showing that the challenged regulation or action, as applied, is not reasonably related to legitimate penological interests. *Prison Legal News v. Livingston*, 683 F.3d 201, 215 (5th Cir. 2012). However, the defendant must do more "than merely show a formalistic logical connection between [its actions] and a penological objective." *Id.* (quotations omitted).

Accordingly, if Rafiq wishes to maintain an equal protection claim, he should amend his petition to clearly say so and be prepared to refute the government's defense of its challenged actions under the standards described above.

### 4. *Eighth Amendment claims*

Rafiq has made numerous allegations relating to the conditions of confinement, including alleged sexual misconduct, sexual harassment, name-calling, pushing and shoving, belittling, and general harassment by prison employees,. Doc. 5, p. 6. He also alleges, inter alia, that staff use a nearby makeshift gun-firing range and that the gunshots cause him mental anguish, heart palpitations, profuse sweating, and body shaking. *Id.* at 7. He makes some of these allegations on behalf of other inmates, and should be aware that he only has standing right now to assert claims on behalf of himself. He should also be aware that the Eighth Amendment does not mandate

comfortable prisons. *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). A conditions of confinement claim only rises to the level of a constitutional violation when the alleged deprivation is sufficiently serious, denying the inmate of "the minimal civilized measure of life's necessities," and is done with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994).

As for the behavior of the guards, Rafiq should be aware that, while sexual assault and abuse can certainly be sufficiently serious to constitute an Eighth Amendment violation, not every allegation of sexual harassment or inappropriate touching by a prisoner will meet this standard. *See Boddie v. Schnieder*, 105 F.3d 857, 861–62 (2d Cir. 1997) (isolated episodes of verbal sexual harassment and fondling of inmate's genitals by prison guard did not establish Eighth Amendment violation); *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (verbal sexual harassment did not rise to an Eighth Amendment violation). Additionally, allegations of verbal abuse, without more, generally do not rise to an Eighth Amendment violation. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)).

Accordingly, in order for this court to determine which of Rafiq's Eighth Amendment claims should survive, he must amend his complaint and state **with particularity**: (1) which actions were directed towards him, (2) which guard(s) were responsible for these actions, (3) on what date(s) these events occurred, and (4) what injuries, if any, he suffered as a result of this treatment.

### 5. *Access to the courts*

Finally, Rafiq complains that his access to the law library is curtailed due to "either equipment malfunction or lack of staff." Doc. 5, p. 6. As a result, he alleges, he is substantially hindered in his "timely and reasonable access" to the court. *Id.* In support he shows a single

memorandum, dated November 1, 2017, which states that law library computers, printers, and label machines are down. Doc. 1, att. 2, p. 11.

"[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Williams v. Curtis*, 2017 WL 979053, at *5 (N.D. Tex. Jan. 18, 2017) (quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 103 S.Ct. 2161, 2169 (1983)). An inmate may only prevail on such a claim, however, if he can show that his position as a litigant was prejudiced as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Without a showing that the lack of access prevented him from filing or caused him to lose a civil rights or habeas suit, an inmate has not shown the requisite injury and thus lacks standing to pursue a denial of access claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179–82 (1996).

In this matter, the pending suit was filed after the alleged denial of access began. Rafiq fails to show that the limits on law library access prejudiced him in any other suit. Accordingly, he should amend to show the required injury or dismiss this claim.

### III.
#### CONCLUSION

Rafiq's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Rafiq at his last address on file.

**IT IS ORDERED** that Rafiq amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Rafiq is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 30th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE