UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHABBAR RAFIQ** | : | **DOCKET NO. 2:18-cv-0495** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **R. MYERS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 42] filed by defendant R. Myers, in response to the civil rights suit brought by plaintiff Shabbar Rafiq. *See* docs. 5, 9, 22, 23, 44. Rafiq opposes the motion. Doc. 48. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
### BACKGROUND

Rafiq is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). He originally filed suit under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), seeking relief based on several claims, including alleged violations of his right to Equal Protection and his rights under the First and Eighth Amendments. Doc. 5. Specifically, he alleged that the conditions of confinement at FCIO amounted to cruel and unusual punishment and that FCIO officers and policies are impinging on his ability to practice his Muslim faith. *Id.* This court issued a memorandum order, directing Rafiq to correct deficiencies in his complaint and informing him that his religious exercise claims were likely not cognizable as a claim for damages under *Bivens* but could be asserted under other federal law as a claim for declaratory and injunctive relief. Doc. 7. In response

Rafiq clarified that he only wished to proceed with his First Amendment, Equal Protection, and Eighth Amendment claims, and that he sought declaratory and injunctive relief, along with whatever relief the court might deem just and proper, based on those claims. Doc. 9. He subsequently amended his petition to substitute R. Myers, the current warden at FCIO, as his sole defendant and then to clarify that he intended to pursue his First Amendment claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* Docs. 22, 23. After the instant Motion to Dismiss [doc. 42] was filed, he amended his complaint a final time, alleging that unnamed FCIO defendants had failed to protect him from an assault by another inmate and then by denying him adequate medical care for his injuries. Doc. 44.

Myers now moves to dismiss the claims, arguing that declaratory and injunctive relief are unavailable under *Bivens* and that Rafiq has not pleaded facts to show that "the defendant's own individual actions violated the Constitution." Doc. 42, att. 1, p. 2. It does not assert any basis for dismissing Rafiq's RLUIPA/RFRA claims or the Eighth Amendment claims alleged in the subsequent amended complaint. Rafiq opposes the motion. Doc. 48. Myers has filed no reply and his time for doing so has passed.

## II.
### MOTION TO DISMISS STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008)

unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III.
### APPLICATION

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

Myers first asserts that Rafiq's *Bivens* claims must be dismissed because he seeks only declaratory and injunctive relief. Doc. 42, att. 1. Rafiq clarifies that he dismissed his original claim for nominal damages because of the court's instruction that he should pursue his First Amendment claims under RLUIPA/RFRA, which permit only declaratory and injunctive relief. Doc. 48. As Rafiq has also requested whatever relief the court deems just and proper on his *Bivens* claims, the court does not view the failure to request monetary damages in particular as fatal to his remaining *Bivens* claims.

Myers also moves for dismissal based on Rafiq's failure to allege his personal involvement in the alleged constitutional violations. In a *Bivens* suit, supervisory officials may not be held liable under the doctrine of respondeat superior or vicarious liability. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Instead, the plaintiff must allege the personal involvement of each defendant in the constitutional violation. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009).

As Rafiq notes, his conditions of confinement claim – which relates in chief to his exposure to secondhand smoke due to correctional officers smoking throughout the facility – originates from Myers's alleged failure to enforce or set a policy to protect inmate safety in this regard. Doc. 48, p. 2. Likewise, his Equal Protection claim is based in large part on allegedly discriminatory policies at FCIO. Under well-settled *Bivens* jurisprudence, a supervisory official may be held liable if he implements a policy "so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn*, 150 F.3d at 544. Accordingly, Rafiq's Equal Protection claims, along with his Eighth Amendment claims based on secondhand smoke and related conditions of confinement, should survive this motion. If Myers wishes to extend this argument to the subsequently filed Eighth Amendment claims [doc. 44] based on failure to protect and inadequate medical care, he must do so by separate motion. Rafiq is cautioned that he must also show Myers's personal

involvement in those alleged violations or join the persons actually alleged to be involved as defendants.

## IV.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 42] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE