UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHABBAR RAFIQ**     **REG. # 54757-177** | : | **DOCKET NO. 18-cv-00495** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Temporary Restraining Order [doc. 64] filed by federal inmate Shabbar Rafiq. Rafiq has filed a civil rights suit pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), seeking relief based on several claims, including alleged violations of his right to Equal Protection and his rights under the First and Eighth Amendments. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Rafiq filed the instant motion asking this Court to enjoin the defendant from committing him to the special housing unit ("SHU"), in retaliation for the civil rights suit currently pending, and to transfer him to another prison. Doc. 64, p. 1. He alleges that he was placed in the SHU for five and a half months, and, as a result, he has suffered irreparable injury and continues to face threat of future injury.

## II.
## LAW & ANALYSIS

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial likelihood of success on the merits. Plaintiff does not have a due process right to be housed in a certain area of the facility. The BOP has the authority to designate a prisoner's place of confinement. 18 U.S.C. § 3621. The detention of a prisoner in the Special Housing Unit and reclassification does not bring about a liberty interest. *Sandin v. Conner*, 115 S. Ct. 2293, 2301-2302,(1995); *Pichardo v. Kinker*, 73 F. 3d 612, 613 (5th Cir. 1996). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *Mckune v. Lile*, 122 S. Ct. 2017, 2027 (2002). "A prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F. 3d 41, 42 (5th Cir. 1996). In addition, the classification of inmates is within the discretion of prison officials. *McCord v. Maggio*, 910 F. 2d 1248, 1250 (5th Cir. 1990). Moreover, a prisoner has no constitutionally protected interest in a particular facility," *Tighe v. Wall*, 100 F.3d at 42.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Temporary Restraining Order (doc. 64) be **DENIED**, with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 7th day of August, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE